CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

PATRICK K. O'BRIEN (CABN 292470)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7126
    FAX: (415) 436-7234
    Patrick.OBrien@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>BENJAMIN PEARSALL,<br><br>    Defendant. | Case No. 3:19-CR-00342-EMC<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: April 9, 2026<br>Hearing Time: 9:00 a.m.<br>Courtroom:    5, 17th Floor<br><br>Hon. Edward M. Chen |

On March 19, 2026, defendant Benjamin Pearsall admitted to multiple violations of his supervised release, including a violation based on his possession of a firearm and fentanyl for personal use in January 2025 that eventually led to a felony conviction and state prison sentence. Dkt. 60. Those new crimes occurred months after Pearsall had absconded from a residential reentry center and his United States Probation Officer, rejected medical care at a hospital relating to a fentanyl overdose, and failed to appear at a scheduled hearing before this Court. *See* Dkt. 55. And that series of events is even more concerning given the similarity between Pearsall's recent conduct on supervised release and the underlying criminal convictions that led to this supervised release term: possession of methamphetamine

UNITED STATES' SENTENCING MEMO.      1
3:19-CR-00342-EMC

and heroin with the intent to distribute and felon in possession of a firearm and ammunition, for which he received a sentence of 60 months in prison.

On this record, the United States fully agrees with the United States Probation Office and recommends that the Court revoke Pearsall's supervised release and sentence him to 12 months and one day in custody with a new 12-month term of supervised release to follow.

That sentence is appropriate given Pearsall's criminal history, the nature of the supervised release violations, and the need to deter Pearsall from committing additional crimes and violations, particularly dangerous crimes such as possessing firearms together with drugs.  It is also an appropriate sanction to deter Pearsall going forward given his breach of trust with the Court: Pearsall not only disregarded repeated efforts by the Court acting through the Probation Office to intervene positively in his life but then also decided to miss a court appearance in this case and to commit new and dangerous crimes.  *See United States v. Taylor*, 153 F.4th 934, 943 (9th Cir. 2025) ("Where there has been a breach of trust, 'greater sanctions may be required to deter future criminal activity.'"); U.S.S.G. Ch. 7, Pt. A ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  Even though Pearsall has served time in state custody for the most serious violations relating to his possession of a gun and fentanyl, that sentence did not address the breach of trust and disregard of Pearsall's supervised release terms that led to him endangering the community by illegally arming himself with a gun even after his similar federal convictions in this case.  *Taylor*, 153 F.4th at 943 ("'A violator who, after committing an offense and being placed on supervised release for that offense, again commits a similar offense is not only more likely to continue on that path, but also has demonstrated to the court that the violator has little respect for its command.'").

The Court should not send Pearsall to drug treatment immediately without first imposing an additional custodial sentence.  Pearsall has been separated from drugs while in custody for over a year, so there is no urgency in placing him in drug treatment now.  Drug treatment can instead be part of any additional supervised release term imposed upon completion of his custodial sentence.  A drug treatment program also will be ineffective if its rules are ignored, and Pearsall's history suggests that is a significant risk here.  Before Pearsall absconded from the Probation Officer and failed to appear in this

UNITED STATES' SENTENCING MEMO.                2
3:19-CR-00342-EMC

case in the fall of 2024, he was terminated from a residential reentry center for substance abuse and was treated in a hospital for a fentanyl overdose but "left the hospital . . . against doctor's orders." Dkt. 55. The Court can mitigate that risk by imposing an additional custodial sentence first that deters Pearsall from further violations, followed by a supervised release term with drug treatment.

DATED: April 7, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


*/s/ Patrick O'Brien*
PATRICK K. O'BRIEN
Assistant United States Attorney